IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00339-NYW-SBP

GARY WEIDNER, III,

    Plaintiff,

v.

CLAIRE McHALE and
KRISTINE AIMES,

    Defendants.

## ORDER GRANTING MOTION TO STAY

**Susan Prose, United States Magistrate Judge**

This matter comes before this court on Defendant Ames'[1] Motion to Stay Discovery ("Motion" or "Motion to Stay"), filed May 19, 2023. [ECF No. 16]. The undersigned Magistrate Judge considers the Motion pursuant to 28 U.S.C. § 636(b)(1)(A) and the Memorandum dated June 8, 2023. [ECF No. 25]; *see also* [ECF No. 25] Memo. Referring Motion. This court has carefully considered the Motion and related briefing, the entire case file, and the applicable case law, and it has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, this court GRANTS the Motion.

---

[1] There appears to be a difference in the spelling of Defendant Ames' name in the Plaintiff's Complaint and in Defendant Ames' own fillings. This court will defer to Defendant Ames' spelling of her name.

## BACKGROUND

This lawsuit concerns a dispute between Plaintiff Gary Weidner, III, and Defendants Claire McHale and Kristine Ames. *See* [ECF No. 11] Am. Compl. ¶¶ 5-7. The lawsuit was filed after Defendant Ames, a detective with the Arvada Police Department in Arvada, Colorado, filed criminal charges against Plaintiff Weidner for the alleged sexual assault of Defendant McHale. *Id.* ¶¶ 7, 52. Plaintiff asserts that Defendant McHale lied to Defendant Ames about the alleged sexual assault in order to "cause emotional and financial damages to Plaintiff[.]" *Id.* ¶¶ 15, 25-32. Plaintiff also asserts that Defendant Ames "omitted [] relevant and exculpatory information" in an affidavit she executed that formed the basis of Plaintiff's arrest warrant. *Id.* ¶¶ 54, 56. Plaintiff alleges that Defendant Ames further failed to investigate exculpatory evidence on Defendant McHale's cellphone, which led to Plaintiff's wrongful arrest. *Id.* ¶¶ 46, 54. According to Plaintiff, prosecutors withdrew the criminal case against Plaintiff in the middle of trial proceedings "when they realized that Plaintiff was also in possession of the *Brady* information that they purposefully withheld" from Defendant McHale's cellphone. *Id.* ¶ 58. Plaintiff raises three claims under 42 U.S.C. § 1983 for: 1) Malicious Prosecution (*id.* ¶¶ 65-71); 2) False Arrest (*id.* ¶¶ 72-77); and 3) Conspiracy (*id.* ¶¶ 78-81). Plaintiff also asserts five common law claims for: 1) Malicious Prosecution (*id.* ¶¶ 82-87); 2) Abuse of Process (*id.* ¶¶ 88-90); 3) Intentional Infliction of Emotional Distress (*id.* ¶¶ 91-95); 4) State Constitutional Violation of Right to Be Free From Malicious Prosecution (*id.* ¶¶ 96-101); and 5) State Constitutional Violation of Right to Be Free From False Arrest (*id.* ¶¶ 102-06).

On May 19, 2023, Defendant Ames moved to dismiss the Amended Complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). [ECF No. 15]

Motion to Dismiss at 1. Plaintiff filed an Opposition to the Motion to Dismiss on June 23, 2023. [ECF No. 32]. On July 7, 2023, Defendant Ames filed a Reply in Support of the Motion to Dismiss [ECF No. 38].

While the Motion to Dismiss is pending before this court, Defendant Ames has filed this Motion to Stay. [ECF No. 16]. The Motion arises in a somewhat unusual posture, as Plaintiff has not opposed the Motion, but the newly added Defendant McHale has. *See* [ECF No.16] Motion to Stay at 1 (noting that "Plaintiff's counsel does not object to the relief sought in this Motion"); [ECF No. 39] Reply in Support of Mot. to Stay ("Reply") at 1 (explaining that Defendant Ames filed the Motion to Stay "[b]efore Ms. McHale was properly served as a defendant in this case"); [ECF No. 35] McHale Response to Motion to Stay ("McHale Response") at 1 (objecting to "blanket stay" of discovery).

**LEGAL STANDARD**

While the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings while a motion to dismiss is pending, Rule 26(c) does permit the court, upon a showing of good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Staying discovery pending a ruling on a motion to dismiss is generally disfavored in this

3

District, *see, e.g.*, *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007), but "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party," *Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. Apr. 6, 2007). The decision to stay discovery rests firmly in the sound discretion of the trial court. *See Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Motions to dismiss that present certain threshold issues may present a stronger case for staying discovery, including matters involving the existence of qualified immunity. *See, e.g.*, *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019) (recognizing that courts in this District "may be more inclined to stay discovery pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues").

In deciding whether to stay discovery, courts in this District typically consider five factors, known at the *String Cheese* factors: 1) the plaintiff's interests in expeditiously litigating the "action and the potential prejudice to plaintiff of a delay; 2) the burden on the defendants; 3) the convenience to the court; 4) the interests of persons not parties to the civil litigation; and 5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).  Considering these factors, this court concludes that a stay is warranted pending resolution of Defendant Ames' Motion to Dismiss.

## ANALYSIS

***Plaintiff's Interest in Proceeding Expeditiously.*** The first *String Cheese* factor has a unique application here. Typically, motions to stay are opposed by plaintiffs, but Plaintiff here

4

agrees that discovery should be stayed pending a ruling on Defendant's motion to dismiss. As such, this court finds that Plaintiff would not be prejudiced by a stay.

In contrast, Defendant McHale "oppose[s] a blanket stay of discovery in this proceeding and would oppose the stay of discovery extending to Ms. Ames as a witness, should Ms. Ames prevail on her qualified immunity defense[.]" [ECF No. 35] McHale Resp. at 1. Defendant McHale, however, has failed to identify any specific prejudice that a delay would cause. Nor is this court aware of any circumstances that would result in prejudice if discovery was stayed in this matter. Because Defendant McHale has failed to provide any "specific examples of how [her] ability to conduct discovery might be adversely affected by a stay[,]" this court finds that Defendant McHale's general interest in proceeding does not overcome the additional factors, discussed below, that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

***The Burden on Defendant.*** As for the second *String Cheese* factor, Defendant Ames claims that the burden on her if she were required to proceed with discovery is "great," particularly in light of her assertion of qualified immunity as a full defense to Plaintiff's claims against her. [ECF No. 16] Mot to Stay at 6, 8. Defendant Ames also asserts that staying discovery only as to her, and not to Defendant McHale, "does not relieve Ames of the burdens of litigation" because it would require Defendant Ames to participate in the discovery process "to ensure the case does not develop in a misleading or slanted way that causes prejudice to [her] position." [ECF No. 39] Reply at 2 (quoting *Eggert v. Chaffee Cnty.*, Civil Action No. 10-cv-01320-CMA-KMT, 2010 WL 3359613, at *3 (D. Colo. Aug. 25, 2010)). This court agrees with Defendant Ames. The qualified immunity doctrine is intended to "free officials from the

5

concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Seigart v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J. concurring in the judgment)). Staying discovery as to only Defendant Ames would "greatly prejudice" her because she then "could not participate in depositions that could uncover important non-public information." *Cook v. Whyde*, Civil Action No. 20-cv-02912-PAB-STV, 2021 WL 981308, at *3 (D. Colo. Mar. 15, 2021) (internal citation omitted); *see also Eggert*, 2010 WL 3359613, at *3 (staying discovery as to all defendants "because a stay as to some defendants but not others does not relieve the defendant asserting immunity from the burdens of litigation"). The second *String Cheese* factor therefore strongly favors a stay.

**The Convenience to the Court.** As to the third *String Cheese* factor, it is certainly more convenient for the Court to stay the matter until it is clear which of Plaintiff's claims, if any, will proceed. "Where a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Stone*, 2010 WL 148278, at *3. In weighing this factor, this court notes that, if successful, the Motion to Dismiss would entirely dispose of the action against Defendant Ames. Accordingly, this court finds that the interests of judicial economy tips in favor of granting the Motion.

**Interests of Non-Parties and the Public**. As to the remaining *String Cheese* factors, this court finds that the interest of non-parties to the litigation is neutral, while the interest of the public weighs in favor of a stay. The public's "primary interest" is in "an efficient and just resolution." *See, e.g.*, *Thomas v. Rogers*, No. 19-cv-01612-RM-KMT, 2019 WL 5085045, at *3 (D. Colo. Oct. 10, 2019). This court finds that staying discovery serves this purpose because it will avoid potentially wasteful efforts by the court and the litigants. Further, "while the public

6

has an interest in the speedy resolution of legal disputes . . . there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation." *Carey v. Buitrago*, Civil Action No. 19-cv-020703-RM-STV, 2019 WL 6215443, at *2 (D. Colo. Nov. 21, 2019) (internal citations and quotations marks omitted). As Defendant Ames notes, discovery in this litigation "will cost taxpayers money and resources which may not need to be expended if the Motion to Dismiss is granted." Reply at 3. This court therefore concludes that the fifth factor weighs in favor of a stay.

In sum, having weighed all relevant factors, this court finds that the balance weighs in favor of staying discovery pending resolution of Defendant Ames' Motion to Dismiss. The Motion to Stay is therefore **GRANTED**, and discovery in this matter is **STAYED**.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that:

(1) Defendant's Motion to Stay [ECF No. 16] is **GRANTED**;

(2) Discovery in this matter is **STAYED** pending resolution of the Motion to Dismiss [ECF No. 15]; and

(3) Within three business days of the disposition of the pending Motion to Dismiss, to the extent there are any remaining claims, the parties **SHALL CONTACT** the chambers of this Magistrate Judge to set a Scheduling Conference.[2]

DATED: July 20, 2023

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[2] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").