IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-00339-NYW-SBP

GARY WEIDNER, III,

    Plaintiff,

v.

CLAIRE MCHALE and
KRISTINE AIMES,

    Defendants.

## ORDER ON MOTION TO DISQUALIFY

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on the Motion to Disqualify Curt Parkins and Matthew Comerford as Plaintiff's Counsel brought by Defendant Kristin Ames. ECF No. 36 ("Motion to Disqualify" or "Motion").[1] The Motion to Disqualify has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), the Order Referring Case, ECF No. 25, and the Memorandum referring the Motion, ECF No. 37. Having reviewed the briefing associated with the Motion, the entire court docket, and the applicable case law, the court **DENIES WITHOUT PREJUDICE** the Motion to Disqualify as premature.[2]

---

[1] The caption reflects Plaintiff's spelling of Ms. Ames's name as Kristine Aimes. The remainder of this order follows Ms. Ames's spelling of her name: Kristin Ames.

[2] Because the disposition of the Motion is not dispositive of any party's claim or defense, the court proceeds by order rather than by recommendation.

## BACKGROUND

This lawsuit seeks damages stemming from an allegedly botched investigation that led to the criminal prosecution of Plaintiff Gary Weidner and the prosecution's subsequent withdrawal of all charges against him in the middle of trial. Defendant Kristin Ames, who works for the Arvada (Colorado) Police Department, is the detective who handled the investigation. Amended Complaint, ECF No. 11 ¶ 7. Defendant Claire McHale is the alleged victim in the underlying criminal case. *Id.* ¶ 25. The court begins by summarizing the relevant facts and procedural history.

In July 2020, Detective Ames interviewed Defendant Claire McHale, who reported to Detective Ames that she had been "repeatedly raped by [Plaintiff Weidner] for a period of nearly six months," beginning in October or November 2019. *Id.* ¶ 25. Ms. McHale reiterated this claim in another interview with Detective Ames in November 2020. *Id.* ¶ 31. Ms. McHale gave Detective Ames text messages and photos to support her allegations, including pictures depicting bruising on Ms. McHale's neck. *Id.* ¶¶ 34, 40. Later, Detective Ames conducted "pretext calls" between Ms. McHale and Mr. Weidner. *Id.* ¶ 50. Based on the evidence she had gathered, Detective Ames filed sex assault charges against Mr. Weidner. *Id.* ¶ 52.

But midway through his trial on those charges in October 2021, Mr. Weidner elected to bring forward certain text messages he had exchanged with Ms. McHale, and his disclosure prompted the prosecution to drop the case. *Id.* ¶¶ 57-58. While Mr. Weidner's pleading acknowledges that Detective Ames did not have possession of those apparently exonerating text messages in advance of trial, his claims in this lawsuit hinge on the contention that Detective Ames *should* have had them. Mr. Weidner alleges that Detective Ames mishandled her

2

investigation by not extracting all of the relevant text messages and photographs from Ms. McHale's cell phone from October 2019 through April 2020. *Id.* ¶¶ 42-44. Had Detective Ames insisted upon access to all data on the cell phone, she "would have known all of McHale's statements to be false and known that no probable cause existed to arrest" Mr. Weidner. *Id.* ¶ 48.

As a consequence of Detective Ames's allegedly flawed investigation, Mr. Weidner asserts that Detective Ames violated his federal constitutional rights by maliciously prosecuting and falsely arresting him, and by conspiring with Ms. McHale to pursue charges without "probable cause and . . . reason to believe that [he] had committed a crime." *Id.* ¶¶ 65-71 (Count I: § 1983 malicious prosecution claim); *id.* ¶¶ 72-77 (Count II: § 1983 false arrest claim); *id.* ¶¶ 78-81 (Count III: § 1983 conspiracy claim). Mr. Weidner also brings claims against Detective Ames under the Colorado Constitution for malicious prosecution and false arrest. *Id.* ¶¶ 96-106 (Counts VII and VIII, labeled as "Supplemental State Law Claim[s]"). Mr. Weidner seeks damages as relief for each of these claims. *See, e.g., id.* at p. 9 (requesting compensatory, nominal, punitive, and other forms of damages).

Detective Ames has moved to dismiss all claims against her on multiple grounds, including that Mr. Weidner has failed to state any plausible claim for relief, that the claims are time-barred, and that she is entitled to qualified immunity on the claims brought under § 1983. *See generally* Motion to Dismiss, ECF No. 15.[3] This court has stayed all discovery in the matter pending the resolution of Detective Ames's motion to dismiss. ECF No. 55.

Detective Ames seeks the disqualification of attorneys Curt Parkins and Matthew

---

[3] Ms. McHale also has filed a motion to dismiss. ECF No. 66. The motions to dismiss, both of which are pending as of the date of this order, are not referred to this court.

Comerford (the "Attorneys"), who represent Mr. Weidner in this case and who served as his counsel in the underlying criminal case. Detective Ames argues that the Attorneys must be disqualified on grounds that they cannot act as both advocates and witnesses in this lawsuit.

Specifically, Detective Ames asserts that the Attorneys will be called upon in this lawsuit to explain their withholding of exonerating evidence in the underlying criminal case—which the Attorneys concede they had in their possession—until mid-trial. This substantive information, Detective Ames argues, is "necessary for the fact finder to resolve issues regarding causation and damages" and "cannot be obtained from other witnesses or sources." Motion at 6. Therefore, as "necessary witnesses" in this case, the Attorneys' representation of Mr. Weidner violates Colorado Rule of Professional Conduct 3.7, *Lawyer as Witness*. Further, Detective Ames argues, the Attorneys have a concurrent conflict of interest under Colorado Rule of Professional Conduct 1.7, *Conflict of Interest: Current Clients*, in that the Attorneys will be obliged to demonstrate that they were *not* negligent in their decision to withhold the exonerating evidence—thus creating tension between their interest in "avoiding a malpractice lawsuit and potential disciplinary action" and "their client's interest in recovering his damages." Motion at 12.

Mr. Weidner rejects the contention that the Attorneys are disqualified under either Rule 3.7 or Rule 1.7. He emphasizes that his counsel "believed the best way to protect [Mr. Weidner] and his rights was to withhold the exonerating impeachment information until trial, as they were legally permitted to do." ECF No. 61 at 6. And given that the Attorneys achieved "a complete and total victory on very serious charges," Mr. Weidner discounts as "delusional" and "preposterous" the idea that the Attorneys will act contrary to his interests because they fear a malpractice or disciplinary action. *Id.* at 11-12.

4

## ANALYSIS

"A motion to disqualify counsel is addressed to the sound discretion of the district court." *World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1301 (D. Colo. 1994). The movant bears the burden of establishing the grounds for disqualification. *Id.* at 1299. "When ruling on a motion for disqualification of counsel, [the court] must make specific findings and conclusions." *Id.* (citation omitted). The court recognizes that motions to disqualify should be approached in a "serious, conscientious, and conservative" manner, *see, e.g.*, *Koch v. Koch Industries*, 798 F. Supp. 1525, 1530 (D. Kan. 1992), and with awareness that such motions may be used to "secure a tactical advantage in the proceedings." *Pappas v. Frank Azar & Assoc., P.C.*, No. 06-cv-01024-MSK-BNB, 2007 WL 4224196, at *6 (D. Colo. Nov. 27, 2007) (citing *Religious Tech. Ctr. v. F.A.C.T. Net, Inc.*, 945 F. Supp. 1470, 1478 (D. Colo. 1996)).

Pursuant to D.C.COLO.LAttyR 2(a), this district has adopted the Colorado Rules of Professional Conduct as its standards of professional responsibility. Detective Ames argues that disqualification is warranted under both Colorado Rule of Professional Conduct 3.7 and 1.7. Rule 3.7 states, in pertinent part:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

"[A] lawyer is a 'necessary' witness if his or her testimony is relevant, material and unobtainable elsewhere." *World Youth Day*, 866 F. Supp. at 1302. The Colorado Supreme Court has directed that a trial court should consider "the nature of the case, with emphasis on the subject of the

5

lawyer's testimony, the weight the testimony might have in resolving disputed issues, and the availability of other witnesses or documentary evidence which might independently establish the relevant issues." *Fognani v. Young*, 115 P.3d 1268, 1274 (Colo. 2005) (citation omitted).

Meanwhile, Colorado Rule of Professional Conduct 1.7(a)(2) states in relevant part that a lawyer shall not represent a client "if there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a third person or by a personal interest of the lawyer."

Here, the court finds that it need only address Detective Ames's argument under Rule 3.7 to conclude that her request for disqualification is premature.

The court begins by recognizing that, in this district, judges have viewed the "at a trial" language in Rule 3.7(a) as critical to their evaluation of the disqualification question. *See, e.g.*, *Grider v. City & Cnty. of Denver*, No. 10-cv-00722-MSK-MJW, 2011 WL 721279, at *6 (D. Colo. Feb. 23, 2011); *World Youth Day*, 866 F. Supp. at 1303 ("Colorado Rule 3.7 applies only to an attorney 'act[ing] as an advocate at trial.' Thus, with the informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy."). In *Grider*, the district court sustained objections to an order entered by the magistrate judge who had granted a motion to disqualify, finding that the disqualification question had been addressed prematurely. *See* 2011 WL 721279 at *7. The court emphasized that, "[a]t bottom, a motion to disqualify an attorney who has personal knowledge about the facts in dispute is one that anticipates the attorney being called as a witness *at trial*." *Id.* (citing *Morganroth & Morganroth v. DeLorean,* 213 F.3d 1301, 1309 (10th Cir. 2000)) (emphasis in original). The court found that the magistrate judge should have

waited to rule on the issue "until the scope of the issues to be addressed at trial—and, concomitantly, the extent to which the Plaintiff['s] counsel's knowledge of the facts would be both relevant and contested—became clearer." *Id.*; *cf. Dunn v. Miceli*, No. 14-cv-03068-MSK-NYW, 2015 WL 1868134, at *8 (D. Colo. Apr. 22, 2015) (distinguishing *Grider* in granting motion to disqualify counsel: "Unlike in *Grider*, the pleadings here do not appear to require clarification and refinement, only two claims are presented and additional time is not necessary to divine what issues will be contested at trial, and Counsel's knowledge of facts relevant to the claims is not disputed.").

At this juncture of the case, the court declines to find that Detective Ames has satisfied her burden of establishing grounds for the Attorneys' disqualification. There is no assertion by Detective Ames that the Attorneys should be disqualified from disputing her arguments for dismissal—including her assertion of qualified immunity—that rest entirely on the papers and do not implicate her affirmative defenses, including that the Attorneys' decision to withhold evidence until trial was a "superseding, intervening cause" of Mr. Weidner's continued prosecution and alleged damages. *See* Answer, ECF No. 17 at p. 18 ¶ 5.[4] It may be that Detective Ames will prevail on her dispositive motion and that she will never make a substantive presentation on the merits of the defenses that she contends will require her to elicit testimony from the Attorneys. Taking into account the grave consequences attendant on the disqualification

---

[4] Detective Ames simultaneously moved to dismiss and answered the Amended Complaint, though the answer was not yet due. *Cf.* Fed. R. Civ. P. 12(a)(4)(A) ("Unless the court sets a different time, serving a motion under [Rule 12] alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action.").

7

of an attorney, and the care this court should employ before depriving a litigant of representation by the attorney of his choice, this court concludes that questions regarding the suitability of the Attorneys to represent Mr. Weidner should wait until the parameters of the claims that will proceed against Detective Ames—if any—are clearly defined. Until Ms. Ames's pending motion to dismiss is adjudicated, and Judge Wang has conclusively determined whether any claims against Detective Ames will proceed, the court finds the better course here is to conclude that the motion for disqualification is premature.

## CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that the Motion to Disqualify, ECF No. 22, is **DENIED WITHOUT PREJUDICE** as premature. Within five days of the issuance of an order on Detective Ames's pending motion to dismiss, if any claims against her survive, the parties shall jointly contact this court's chambers to schedule a status conference to discuss whether Detective Ames intends to renew her motion for disqualification and to address any request for a hearing on such a motion.[5]

---

[5] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders). *But see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

DATED: January 31, 2024                    BY THE COURT:

                                                              Susan Prose
                                                              United States Magistrate Judge