IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 23-cv-00339-NYW-SBP

GARY WEIDNER, III,

Plaintiff,

v.

CLAIRE MCHALE, and
KRISTIN AMES, in her individual capacity,

Defendants.

---

ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR ATTORNEYS' FEES

---

This matter comes before the Court on Defendant Clare McHale's Motion for Fees and Costs ("Motion" or "Motion for Fees") [Doc. 81, filed April 12, 2024].[1]  Plaintiff Gary Weidner, III ("Plaintiff" or "Mr. Weidner"), has not responded to the Motion for Fees, and his time to do so has lapsed.  D.C.COLO.LCivR 7.1.  Upon review of the Motion for Fees, the entire docket, and the applicable case law, this Court respectfully **GRANTS IN PART and DENIES IN PART** the Motion for Fees.

## BACKGROUND

The background of this action has been discussed in detail in the Court's Memorandum Opinion and Order dated March 13, 2024, [Doc. 78], and therefore, is

---

[1]  When referring to documents filed in this action, this court uses the convention [Doc. __], referring to the docket and page number assigned by the court's Electronic Court Filing ("ECF") System. When referring to documents filed in another matter, this court uses the convention [ECF No. __], still referring to the docket and page number assigned by the ECF System.

limited here to the facts most relevant to the instant Motion for Fees. Mr. Weidner claims that Ms. McHale falsely accused him of sexually assaulting him despite their relationship being consensual, and that Defendant Ames's role in the investigation of Ms. McHale's accusations contributed to Mr. Weidner's ultimate prosecution. *See generally* [Doc. 1]. The trial of the criminal case against Mr. Weidner began on October 11, 2021. [Doc. 11 at ¶ 57]. However, "[p]rosecutors withdrew the case against Plaintiff mid-trial when they realized that Plaintiff was also in possession of the *Brady* information that they purposely withheld, knowing that they could not meet their burden with that information in evidence." [*Id.* at ¶ 58]. As a result of the prosecution, Mr. Weidner incurred several hundred thousand dollars in legal and expert fees, "was incarcerated for a period of time," and "suffered emotional pain and suffering." [Doc. 11 at ¶¶ 61–63]. Mr. Weidner alleges that, "[a]t all times relevant to this case, all Defendants acted with malice." [*Id.* at ¶ 64].

Mr. Weidner initiated this lawsuit on February 6, 2023, against Defendants Clare McHale ("Defendant McHale" or "Ms. McHale"); Kristin Ames ("Defendant Ames" or "Detective Ames"); Alexandra Brady; Joseph Wasserman; and Alyssa Akre. [Doc. 1]. Before any defendant responded to the original Complaint, Plaintiff filed his Amended Complaint, which left only the claims against Defendants Ames and McHale. [Doc. 11, filed April 20, 2023]. The operative Amended Complaint included eight claims: (1) malicious prosecution under 42 U.S.C. § 1983 against Defendants Ames and McHale ("Count I"); (2) false arrest under 42 U.S.C. § 1983 against Defendants Ames and McHale ("Count II"); (3) conspiracy under 42 U.S.C. § 1983 against Defendants Ames and McHale ("Count III"); (4) malicious prosecution under state law against Defendant McHale ("Count IV"); (5) abuse of process under state law against Defendant McHale ("Count V");

(6) intentional infliction of emotional distress ("IIED") against Defendant McHale ("Count VI"); (7) violation of a state constitutional right to be free from malicious prosecution against Defendants Ames and McHale ("Count VII"); and violation of a state constitutional right to be free from false arrest against Defendants Ames and McHale ("Count VIII"). [Doc. 11 at ¶¶ 65–106]. Mr. Weidner sought to recover "compensatory damages, nominal damages, damages for emotional trauma, damages for embarrassment and humiliation, damages for lost reputation, damages for lost wages and earning opportunity, [and] punitive damages." [*Id.* at 13].

Defendant McHale moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 8, 12(b)(6), and § 13-20-1101. [Doc. 60]. After full briefing on the merits, this Court issued a Memorandum Opinion and Order dismissing all claims against Defendant McHale pursuant to Rule 12(b)(6). [Doc. 78]. With respect to Plaintiff's claims for false arrest (Counts II and VIII), this Court concluded that Mr. Weidner had not sufficiently alleged facts that allowed a factfinder to determine that he had been detained without legal process. [Doc. 78 at 7–9, 19–20]. With respect to Plaintiff's claims for malicious prosecution (Claims I and VII), the Court determined that Mr. Weidner had not plausibly alleged facts that permitted the conclusion that probable cause did not exist to arrest him for the sexual assault of Ms. McHale. [*Id.* at 10–18, 19–20]. Because the conspiracy claim (Count III) is derivative of the dismissed constitutional violations based on false arrest and malicious prosecution, and because Plaintiff failed to respond to Defendants' arguments with any authority to the contrary, this Court dismissed Mr. Weidner's conspiracy claim. [*Id.* at 18, 19–20]. Finally, the Court concluded that Mr. Weidner had not pleaded sufficient facts to support his claim for intentional infliction of emotional

distress.  [*Id.* at 20–22].

In opposition to Defendant McHale's Motion to Dismiss, Mr. Weidner repeatedly asserted that to the extent the Court disagreed with his arguments, he would seek leave to amend his pleading with respect to (1) that Ms. McHale is not a state actor for purposes of imposing § 1983 liability under Counts I, II, and III; (2) that the Amended Complaint fails to state a claim for abuse of process under Count V; (3) that Ms. McHale did not act with malice for purposes of Counts I, IV, and VII; and (4) that Count VI, for IIED, is insufficiently pled.[2]  *See* [Doc. 70 at 5, 8–9].  Thus, the Court permitted Mr. Weidner to seek leave to amend his claims against Defendant McHale by March 27, 2024.  [*Id.*].  Mr. Weidner did not do so, and on March 29, 2024, the Court terminated the case.  [Doc. 79].  Mr. Weidner appealed the Memorandum Opinion and Order on April 11, 2024, [Doc. 80], which is currently pending before the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit").  The following day, Defendant McHale filed this instant Motion for Fees, seeking fees pursuant to Colo. Rev. Stat. §§ 13-17-201 and 13-16-113(2).[3]  [Doc. 81].  The Court then ordered Defendant McHale to file all client invoices associated with the billing entries claimed as part of the Motion for Fees.  [Doc. 83].  Ms. McHale filed redacted billing entries and represented that the redactions were not associated with billing entries for which fees have been requested, which the Court accepted.  [Doc. 86; Doc. 86-1; Doc. 89].  Mr. Weidner has not responded to the Motion for Fees, and the time to do so under

---

[2] Mr. Weidner did not request leave to amend with respect to the false-arrest and probable-cause issues.  [Doc. 70 at 5-7].

[3] The Clerk of the Court taxed costs in the amount of $471.65 against Plaintiff in favor of Defendant McHale on October 28, 2024.  [Doc. 94].  Therefore, to the extent that Defendant McHale moves for costs pursuant to Colo. Rev. Stat. § 13-16-113(2), such request is moot in light of the taxed costs.  [Doc. 81 at 2].

the United States District Court for the District of Colorado's Local Rules of Civil Practice

has long elapsed.

## LEGAL STANDARDS

### I.    Section 13-17-201

Colo. Rev. Stat. § 13-17-201 states, in relevant part:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other persons, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

Colo. Rev. Stat. § 13-17-201(1) (2022).

Section 201 "applies with equal force when a federal court dismisses a pendent

state tort pursuant to Fed.R.Civ.P. 12(b)(6)." *Martinez v. Guajardo*, No. 11-CV-01668-

PAB-CBS, 2012 WL 3983538, at *1 (D. Colo. Sept. 11, 2012).  When applicable, it is

mandatory—a defendant <u>shall</u> have judgment for reasonable attorneys' fees when an

entire tort action is dismissed pursuant to Rule 12(b).  *See Colo. Special Dists. Prop. &*

*Liab. Pool v. Lyons*, 277 P.3d 874, 884 (Colo. App. 2012) ("Section 13-17-201 creates a

mandatory right to attorney fees when a plaintiff's tort action is dismissed prior to trial

under C.R.C.P. 12(b)."); *Dubray v. Intertribal Bison Co-op.*, 192 P.3d 604, 606 (Colo. App.

2008).  Defendant bears the burden of proving her entitlement to an award of attorneys'

fees under § 13-17-201.  *See Jones v. Haga*, No. 05-cv-02268-PSF-CBS, 2007 WL

433126, at *1 (D. Colo. Feb. 2, 2007).

### II.    Section 13-20-1101

Colo. Rev. Stat. § 13-20-1101 is directed at discouraging plaintiffs from "filing

strategic lawsuits against public participation (SLAPP)." *Timmins v. Henderson*, No. 22-

cv-00754-CNS-SBP, 2024 WL 1215617, at *2 (D. Colo. Mar. 21, 2024) (citing *Salazar v.*

*Pub. Tr. Inst.*, 522 P.3d 242, 245, 245 n.1 (Colo. App. 2022)).  The purpose of the statute, known as Colorado's anti-SLAPP law, is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, to protect the rights of persons to file meritorious lawsuits for demonstrable injury." Colo. Rev. Stat. Ann. § 13-20-1101(1)(b).  An "act in furtherance of a person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue" includes "[a]ny written or oral statement or writing made before a legislative, executive, or judicial proceeding or any other official proceeding authorized by law." Colo. Rev. Stat. § 13-20-1101(2)(a)(II).

In furtherance of the purpose, the statute provides for a "special motion to dismiss" directed at screening out frivolous suits:

> (3)(a) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States constitution or the state constitution in connection with a public issue is subject to a special motion to dismiss unless the court determines that the plaintiff has established that there is a reasonable likelihood that the plaintiff will prevail on the claim.
>
> (b) In making its determination, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

§ 13-20-1101(3)(a)–(b).  A defendant who prevails on a special motion to dismiss is entitled to recover attorneys' fees and costs. § 13-20-1101(4)(a).

The resolution of a special motion to dismiss involves a two-step process.  At the first step, "the defendant must establish that the conduct underlying the plaintiff's claims fails within the statute, i.e., that the claim arises from the defendant's exercise of his or her right of petition or free speech." *Double Diamond Distrib. Ltd. v. Crocs, Inc.*, No. 23-

cv-01790-PAB-KAS, 2024 WL 1051951, at *12 (D. Colo. Mar. 11, 2024) (citing *Tender Care Veterinary Ctr., Inc. v. Lind-Barnett*, No. 22CA1611, 2023 WL 8264904, at *3 (Colo. App. Nov. 30, 2023)). Only if the defendant satisfies the first step does the burden shift to the plaintiff to establish a reasonable likelihood of prevailing on the claim. *Id.* "If the anti-SLAPP motion mounts a legal challenge, courts assess the motion under Federal Rule of Civil Procedure 12(b)(6)." *Id.* (citing *Moreau v. U.S. Olympic & Paralympic Comm.*, 641 F. Supp. 3d 1122, 1133 (D. Colo. 2022)).

## III.    42 U.S.C. § 1988

Section 1988 of Title 42 of the United States Code provides inter alia that "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorneys' fee as part of the costs," subject to an exception that is not applicable here. 42 U.S.C. § 1988(b). The Supreme Court has interpreted § 1988(b) to allow a prevailing defendant to recover fees only if the action "was vexatious, frivolous, or was brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 & n.2 (1983); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (allowing fees only when the § 1983 action was "groundless or without foundation").

## IV.    28 U.S.C. § 1927

Section 1927 of Title 28 of the United States Code provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Awards under § 1927 are only available against attorneys. *See Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1222 (10th Cir. 2006). "This is an extreme standard,

and fees should be awarded only in instances evidencing a serious and standard disregard for the orderly process of justice." *Baca v. Berry*, 806 F.3d 1262, 1268 (10th Cir. 2015) (cleaned up) (quoting *AeroTech, Inc. v. Estes,* 110 F.3d 1523, 1528 (10th Cir.1997)).

**ANALYSIS**

I.      **Application of Fee Statutes**

A.      **Section 13-17-201**

Defendant McHale first argues that the entire complaint sounds in tort, and thus, she is entitled to all her attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201.  [Doc. 81 at 4].  This Court agrees that the Amended Complaint sounds primarily in tort both quantitatively with respect to the number of claims and qualitatively with respect to the nature of the allegations.   *See* Colo. Rev. Stat. § 13-80-102 (referring to tort actions including malicious abuse of process, malicious prosecution, and intentional infliction of emotional distress); *Handy v. City of Sheridan*, No. 12-CV-01015-WYD-KMT, 2013 WL 1232211, at *2 (D. Colo. Mar. 26, 2013) (referring to the Colorado state law tort claims of malicious prosecution, false arrest, and intentional infliction of emotional distress); *Borgese v. Burba*, No. 21-CV-01134-NYW-KLM, 2022 WL 14391542, at *4 (D. Colo. Oct. 25, 2022) (citing *Dubray,* 192 P.3d at 607), *report and recommendation adopted,* 2022 WL 16855687 (D. Colo. Nov. 10, 2022).  But this Court respectfully disagrees that it can simply award Ms. McHale's attorneys' fees for all claims on that basis.

The Colorado Supreme Court, as recognized by the Tenth Circuit, has held that Colo. Rev. Stat. § 13-17-201 conflicts with 42 U.S.C. § 1988 and is preempted in § 1983 actions. *See Snyder v. Acord Corp.*, 811 F. App'x 447, 463 (10th Cir. 2020) (citing *State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998)).   Therefore, it would be

8

improper for this Court to award mandatory attorneys' fees based on the dismissal of Mr. Weidner's § 1983 claims (Counts I–III) pursuant to Colo. Rev. Stat. § 13-17-201 – despite the fact that malicious prosecution and false arrest are considered constitutional torts. *See Jackson v. N.M. Pub. Def.'s Off.*, 361 F. App'x 958, 964 (10th Cir. 2010).

Preemption, however, is claim-specific, and Ms. McHale may be awarded apportioned fees associated with the defense of Plaintiff's state-law tort claims. *See Snyder*., 811 F. App'x at 464 n.3 (citation omitted). Here, three of Mr. Weidner's claims against Ms. McHale are clearly torts brought pursuant to Colorado law: (1) Count IV, for malicious prosecution under state law; (2) Count V for abuse of process under state law; and (3) intentional infliction of emotional distress. And while Mr. Weidner pleads Counts VII and VIII as violations of the Colorado state constitution for malicious prosecution and false arrest, both malicious prosecution and false arrest are considered torts under Colorado law. *See Hewitt v. Rice*, 154 P.3d 408, 412 (Colo. 2007); *Allen v. City of Aurora*, 892 P.2d 333, 336 (Colo. App. 1994). Thus, this Court concludes that attorneys' fees associated with Claims IV–VIII of the Amended Complaint sound in tort, and are mandatory under Colo. Rev. Stat. § 13-17-201.

**B.    Section 13-20-1101**

With respect to Claims VII and VIII, Mr. Weidner's state constitutional claims for malicious prosecution and abuse of process, this Court has found that the fees associated with those claims are mandatory under Colo. Rev. Stat. § 13-17-201, and therefore, it need not consider whether the anti-SLAPP statute entitles Ms. McHale fees as the prevailing party.[4]

---

[4] To the extent that Colo. Rev. Stat. § 13-17-201 is interpreted to exclude mandatory fees arising from the dismissal of Counts VII and VIII, the Court finds that Ms. McHale's

With respect to Claims I–III, while the anti-SLAPP statute contemplates federal constitutional violations brought pursuant to § 1983, this Court respectfully declines to apply the statute here.  Given the preemption analysis recognized by the Tenth Circuit in *Snyder*, 811 F. App'x at 463 (citing *Golden's Concrete Co.*, 962 P.2d at 926), this Court is skeptical of the application of the attorneys' fees provision of Colorado's anti-SLAPP statute to federal constitutional claims brought pursuant to 42 U.S.C. § 1983.  Defendant McHale suggests, and it appears from its plain language,[5] that the language of § 13-20-1101(4)(a) is mandatory, subject to an exception that is inapplicable here:

> Except as provided in subsection (4)(b) of this section, in any action subject to subsection (3) of this section, a prevailing defendant on a special motion to dismiss is entitled to recover the defendant's attorney fees and costs.

Colo. Rev. Stat. § 13-20-1101(4)(a) (emphasis added).  "[U]nder federal law the award of attorney fees in section 1983 actions is governed by 42 U.S.C. § 1988." *See Golden's Concrete Co.*, 962 at 926.  Since § 13–20–1101(a)(4) mandates the award of attorneys' fees to a defendant that prevails pursuant to § 13-20-1101(4), and § 1988 only permits an award of attorneys fees when the plaintiff's suit was "vexatious, frivolous, or was brought to harass or embarrass the defendant," *see Hensley v. Eckerhart,* 461 U.S. 424, 429 n. 2 (1983) (citing H.R. Rep. No. 94-1558, at 7 (1976)), Colorado law conflicts with

---

statements to Defendant Ames are protected by Colorado's anti-SLAPP statute, *see Stevens v. Mulay*, Case No. 19-cv-01675-REB-KLM, 2021 WL 1153059, at *3 (D. Colo. Mar. 26, 2021, and that Mr. Weidner failed to carry his burden on step two of the analysis to establish a reasonable likelihood of success on the merits.

[5] Ms. McHale cites no authority, and this Court could not independently find any, that addressed the question of whether fees pursuant to Colo. Rev. Stat. 13-20-1101(4) were mandatory in nature.  However, the language of "entitled" has led this Court to conclude that an award of damages is mandatory in nature.

federal law, and the operation of § 13-20-1101 is preempted in this instance as to Claims
I–IIII.  *Golden's Concrete Co.*, 962 P.2d at 926.

C.     42 U.S.C. § 1988

As discussed above, the relevant inquiry as to whether attorneys' fees may be
recorded against Defendant McHale is whether she has established that the action was
"frivolous, unreasonable, or without foundation, even though not brought in subjective bad
faith."  *Hughes,* 449 U.S. at 14.  A frivolous suit is one "based on an indisputably meritless
legal theory, or whose factual contentions are clearly baseless."  *Thorpe v. Ancell*, 367 F.
App'x 914, 919 (10th Cir. 2010) (cleaned up) (quoting *Neitzke v. Williams*, 490 U.S. 319,
327 (1989)).  Ms. McHale essentially argues that she is entitled to fees under 42 U.S.C.
§ 1988 because Claims I–III were dismissed without prejudice, Plaintiff failed to seek
leave to amend, and the substance of Mr. Weidner's § 1983 claims lacked merit.  [Doc.
81 at 9–12]. Specifically, Ms. McHale argues that there was no factual basis to find that
Ms. McHale was a state actor for the purposes of § 1983.[6]

As an initial matter, "[t]he fact that the Court found the allegations insufficient to
state a claim for relief under § 1983 does not automatically render plaintiff's claims legally
groundless."  *McClain v. Denver Health & Hosp. Auth.*, No. 17-CV-02238-PAB-NRN,
2019 WL 3996873, at *2 (D. Colo. Aug. 22, 2019).  Nor does this Court draw such a
conclusion based on Mr. Weidner's failure to seek amendment.  Indeed, Mr. Weidner has
filed an appeal, presumably determining appellate review of the Court's dismissal was

---

[6] In Response to Defendant McHale's Motion to Dismiss, Mr. Weidner argued that Ms.
McHale was liable, even as a private person, under 42 U.S.C. § 1983 as a joint actor.
[Doc. 70 at 4 (citing *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir.
2016)].

more appropriate than amending the operative pleading. Thus, this Court focuses on Ms. McHale's argument that Claims I–III are "frivolous, unreasonable, or without foundation" because there was no factual basis to permit the conclusion that she was a state actor.

It is well-settled within the Tenth Circuit that "furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1157 (10th Cir. 2016). Joint action arises only when an officer's decision to initiate an arrest or prosecution was not independent of a private party's influence. *See id.* Because Ms. McHale prevailed at the motion to dismiss phase, this Court looks to the operative Amended Complaint and takes Mr. Weidner's factual allegations as true. In the Amended Complaint, Mr. Weidner makes multiple factual assertions about false statements made by Defendant McHale to Defendant Ames about Ms. McHale's relationship with Mr. Weidner. *See* [Doc. 11 at ¶¶ 25–32, 40–45]. For instance, Mr. Weidner alleges (and it does not appear to be disputed) that Defendants Ames and McHale conducted two pretext calls between Mr. Weidner and Ms. McHale. [*Id.* at ¶ 50]. Taking these alleged facts as true, and in the light most favorable to Mr. Weidner, this Court concludes that Ms. McHale has not cleared the "high bar" of showing that she could not have been a joint actor as a matter of law on the record before the Court on the motion to dismiss, and in turn, that the suit was vexatious, frivolous, or brought to harass or embarrass the defendant required of prevailing defendants to be awarded attorneys' fees. *See Utah Animal Rts. Coal. v. Salt Lake Cnty.*, 566 F.3d 1236, 1245 (10th Cir. 2009). Despite the outcome, this Court finds that this is not the rare case that is sufficiently "frivolous to justify imposing attorney fees on the plaintiff." *See Mitchell v. City of Moore*, 218 F.3d 1190, 1203 (10th Cir. 2000).

Accordingly, this Court respectfully **DECLINES** to award damages for Claims I–III based on 42 U.S.C. § 1988.

### D.    28 U.S.C. § 1927

Finally, the Court turns to Defendant McHale's request for sanctions against Mr. Weidner's attorneys under 28 U.S.C. § 1927.  Specifically, Ms. McHale argues that Mr. Weidner's attorneys multiplied the proceedings by failing to voluntarily dismiss the action and "continuing to oppose the dismissal of meritless claims," [Doc. 81 at 14], after conferral.  In the case cited by Ms. McHale, the Tenth Circuit explained that "[s]anctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law.  They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted."  *Danielson-Holland v. Standley & Assocs., LLC*, 512 F. App'x 850, 853 (10th Cir. 2013) (alteration in original) (cleaned up) (quoting *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.,* 430 F.3d 1269, 1278 (10th Cir.2005)). Section 1927 is considered an "extreme standard," *Vidal v. AHC of Aurora, LLC*, No. 17-cv-00746-KHR, 2018 WL 10948348, at *7 (D. Colo. June 25, 2018) (quotation omitted), and whether certain conduct is considered unreasonable or vexatious focuses upon its impact on the administration of justice.  A court's authority to assess costs against an attorney under § 1927 is a power that must be strictly construed and utilized only in instances evidencing a serious disregard for the orderly process of justice.  *See Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (citation omitted).

In granting the motion to dismiss, this Court did not find that the claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure—particularly Claim VI that

asserted a count of intentional infliction of emotional distress—were necessarily futile. Indeed, though he did not avail himself of the opportunity, the Court granted Plaintiff leave to seek amendment. [Doc. 78 at 22–23]. In addition, the Court notes that the prosecution of Mr. Weidner was dismissed without a conviction, allegedly because of the content of communications between Mr. Weidner and Ms. McHale, and because prosecutors determined that they were unable to prove the charges beyond a reasonable doubt based on information provided mid-trial by Plaintiff and his counsel. *See* [Doc 17 at ¶ 69]. This Court is mindful that the threat of the application of § 1927 is not meant "to dampen the legitimate zeal of an attorney in representing his client." *Braley*, 832 F.2d at 1512. Based on the record before it, this Court respectfully declines to award sanctions against Plaintiff's attorneys under 28 U.S.C. § 1927 at this time.

## II.    Lodestar Calculation

Having determined that Ms. McHale is entitled to attorneys' fees for five of her eight claims pursuant to Colo. Rev. Stat. § 13-17-201, this Court now turns to the calculation of such fees. The party seeking attorneys' fees must establish the reasonableness of each dollar and each hour for which it seeks an award. *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). Colorado courts use the lodestar methodology in calculating attorneys' fees awards. *See Dubray*, 192 P.3d at 608 (applying the lodestar amount to a request for attorneys' fees pursuant to § 13-17-201). To calculate the lodestar amount, the Court takes the reasonable number of hours spent multiplied by the reasonable hourly rate. *Id.* (citing *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587–88 (Colo. App. 2000)). "After calculating a lodestar amount, the court then has the discretion to make upward or downward adjustments to that amount after considering the relevant factors in

[Colorado Rule of Professional Conduct] 1.5(a) for determining the reasonableness of attorney fees." *In re Marriage of Aragon*, 444 P.3d 837, 842 (Colo. App. 2019) (citation omitted).  Factors identified in Rule 1.5(a) include:  (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.  *Id.*  The party seeking fees bears the burden of proof.  *See Plan. Partners Int'l, LLC v. QED, Inc.*, 304 P.3d 562, 565 (Colo. 2013).

As a general rule, the amount of an attorneys' fees award is within the discretion of the Court.  *See Dubray*, 192 P.3d at 608 (citing *Hartman v. Cmty. Resp. Ctr., Inc.*, 87 P.3d 254, 257 (Colo. App. 2004)).  "Courts need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorneys' fees should not result in a second major litigation."  *United States ex rel. Shepard v. Grand Junction Reg'l Airport Auth.*, No. 13-cv-00736-CMA-CBS, 2017 WL 11556405, at *2 (D. Colo. July 24, 2017) (quotation omitted) (citing *Hensley*, 461 U.S. at 437).

## A.    Reasonable Hours

The Court first turns to the consideration of the reasonable hours.  Mr. Weidner did not file a Response to the Motion for Fees, and accordingly, has not disputed the reasonableness of the hours claimed by Defendant McHale's attorneys, David Japha ("Mr. Japha") and Evan House ("Mr. House") of the law firm of Levin Jacobson Japha P.C. [Doc. 81-3; Doc. 81-4; Doc. 86-1].  Nevertheless, the Court reviews the fees claimed by Messrs. Japha and House.

Most of the hours claimed by Ms. McHale's attorneys appear reasonable. However, with respect to Mr. Japha's claimed hours, the Court will not credit hours for June 28, 2023, for two hours, described as "Crim Matter."  [Doc. 81-3 at 2; Doc. 86-1 at 5].  The more detailed description for the entry reflects that Mr. Japha billed for "[o]ffice conference with Clare re: texts, review docket entries from Crim matter; review preliminary hearing entry; review Rape Shield Act and Defense counsel obligations in Crim matter."  [Doc. 86-1 at 5].  Based on these descriptions, this Court cannot conclude that work performed related to the underlying criminal matter as described are reasonably charged in this civil matter.  Similarly, both Mr. Japha and Mr. House have entries for review of the trial transcripts, and the provision of such transcripts to Ms. McHale.  [Doc. 81-3 at 2 (0.3 hours - July 5, 2023); Doc. 81-4 at 2 (1.2 hours - July 6, 2023; 0.2 hours - July 7, 2023; 3.3 hours - July 10, 2023 (two entries)].  It is not clear, and counsel do not explain, how review of the trial transcripts was necessary to the claims asserted in this action or to facilitate a motion to dismiss pursuant to Rule 12(b)(6) that focuses on the allegations set forth in the four corners of the operative pleading.  *See Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (observing that "[t]he nature of a Rule

12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true").  In addition, Mr. House has claimed fees for calling Jefferson County regarding the preliminary hearing transcript and sending Mr. Japha an email regarding the same (0.4 hours – August 3, 2023 ) and filling out a new request form and sending such form back to Jefferson County (.3 hours – August 3, 2023). These tasks are administrative in nature and cannot be recovered as part of an award of attorneys' fees.  *See Arend v. Paez*, No. 12-cv-01270-DDD-SKC, 2019 WL 2726231, at *5 (D. Colo. July 1, 2019) ("[A]dministrative tasks such as . . . printing and emailing court documents and case pleadings . . . [do] not call upon [an attorney's] legal knowledge or expertise.").  Similarly, while important, proofing the motion to dismiss, making exhibits, and sending penultimate to Ms. McHale and Mr. Japha, [Doc. 81-4 at 2 (2.1 hours – August 10, 2023)], or making new Exhibit G with redactions, [*id.* at 3 (0.1 hours – October 26, 2023)] are also not recoverable.  *Howard v. Midland Credit Mgmt., Inc.*, No. 11-cv-03123-PAB-BNB, 2012 WL 4359361, at *4 (D. Colo. Sept. 24, 2012); *Hunter v. Cnty. of Sacramento*, No. 2:06-CV-00457-GEB, 2013 WL 5597134, at *8 (E.D. Cal. Oct. 11, 2013) (quoting *Frevach Land Co. v. Multnomah Cnty., Dept. of Env't Servs.,* No. CV-99-1295-HU, 2001 WL 34039133, at *12 (D. Or. Dec.18, 2001)) (deducting from fee award "all time which is primarily secretarial or clerical in nature[,]" including proofreading); *S.A. v. Patterson Joint Unified Sch. Dist.,* No. 1:10–cv–00943–OWW–SKO, 2010 WL 3069204, at *6 (E.D. Cal. Aug. 2, 2010) (recommending attorneys' fees be reduced for time spent taking notes at a hearing, stating "notetaking is essentially a clerical function"), *report and recommendation adopted*, Order Adopting Findings and Recommendations (E.D. Cal. Sept. 10, 2010) (ECF No. 40).

In addition, because Ms. McHale cannot recover attorneys' fees related to the three claims brought pursuant to § 1983, this Court will permit 62.5% of the total hours—apportioned by the percentage of claims that covered by Colo. Rev. Stat. 13-17-201. With these reductions, this Court finds that 43.4 (69.5 x 0.625) hours for Mr. Japha and 58.3 (93.3 x 0.625) hours for Mr. Evans are reasonable.[7]

### B.    Reasonable Hourly Rate

The Court next turns to considering whether the rates sought by Ms. McHale's attorneys are reasonable.  A reasonable rate generally depends on "what lawyers of comparable skill and experience practicing in the area [and community] in which the litigation occurs would charge for their time."  *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983), *overruled on other grounds by Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711 (1987).  Mr. Japha claims a rate of $500 per hour for this matter, with 40 years of experience, while Mr. Evans claims a rate of $300 per hour, with 11 years of experience.  [Doc. 81-1 at ¶ 3; Doc. 81-2 at ¶ 3].  Each state that they are familiar with the hourly rates charged in Colorado for similar services and under similar circumstances.  [Doc. 81-1 at ¶ 4; Doc. 81-2 at ¶ 3].  Respectfully, this Court finds that counsel's statements alone—with an unsupported reference to "Clio"—is insufficient.  *Cf. Pruess v. Presbyterian Health Plan, Inc.*, No. CIV 19-629 DHU/JFR, 2022 WL 796370, at *11 (D.N.M. Mar. 16, 2022) (considering the 2021 Legal Trends Report published by Clio when it was cited and attached).

---

[7] In doing so, this Court includes fees attributable to counsel's research and drafting the portion of the Motion to Dismiss pursuant to Colo. Rev. Stat. § 13-20-1101.  *See supra* note 4.

When a court does not have adequate evidence of prevailing market rates for attorneys' fees, then it may, in its discretion, use other relevant factors to establish the rate, including other indicia of a reasonable market rate.  *See Lippoldt v. Cole*, 468 F.3d 1204, 1225 (10th Cir. 2006).  This Court recently found hourly rates between $400 and $900 per hour for attorneys with comparable experience to Mr. Japha and Mr. House were reasonable after a review of third-party data regarding attorney rates charged in Colorado.  *See, e.g.*, *Interstate Restoration, LLC v. Marriott Int'l, Inc.*, No. 21-cv-01380-NYW-JPO, 2024 WL 4661345, at *5–7 (D. Colo. Oct. 31, 2024); *Pro Polish, LLC v. Abkarian*, No. 23-cv-02470-NYW-SPB, 2024 WL 4661385, at *7–9 (D. Colo. Oct. 16, 2024).  And while this Court is not bound by the findings of other district courts, *see United States v. Rhodes*, 834 F. App'x 457, 462 (10th Cir. 2020) ("[D]istrict courts in this circuit are bound by [Tenth Circuit] decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts."), this Court finds it appropriate to consider the determinations of reasonable rates by other district courts because it is relevant to establish the prevailing market rate, *see Guides, Ltd. v. Yarmouth Grp. Prop. Mgmt., Inc.*, 295 F.3d 1065, 1079 (10th Cir. 2002) (holding that a district court may use other relevant factors, including its own knowledge, to establish the reasonable rate).  Recently, in a franchise agreement dispute, the court approved rates in the range of $420 to $443 per hour for a partner, and $360 per hour for a senior associate.  *Branches Co., LLC v. Wilkinson*, No. 23-cv-02576-GPG-STV, 2024 WL 3402710, at *7 (D. Colo. Apr. 30, 2024), *report and recommendation adopted,* 2024 WL 3402709 (D. Colo. May 16, 2024).  The *Branches* court noted that the rates it approved were in-line with or, in some cases, well-below the rates that have been approved by judges in this District.  *See, e.g.*, *Murphy*

*v. Schaible, Russo & Co., L.L.P.*, No. 19-cv-02808-WJM-MEH, 2024 WL 1215615, at *4 (D. Colo. Mar. 21, 2024) (approving rates up to $750 per hour for attorney); *United States for use & benefit of RME Ltd., LLC v. Intact Ins. Grp. USA, LLC*, No. 21-cv-03285-CMA-SKC, 2023 WL 2837340, at *4–5 (D. Colo. Apr. 7, 2023) (approving rates between $585 and $650 per hour for partners, $380 through $435 per hour for associate attorneys, and $305 per hour for summer associates for payment bond case); *Snyder v. ACORD Corp.*, No. 14-cv-01736-JLK, 2019 WL 319407, at *8–9 (D. Colo. Jan. 24, 2019) (approving rates of $625 per hour for partners, $425 per hour for associates, and $200 per hour for paralegals in a class action insurance case).  Based on this record, this Court respectfully concludes that Mr. Japha's rate of $500 per hour, and Mr. House's rate of $300 per hour are reasonable.

This Court finds no justification—particularly in light of the lack of challenge from Mr. Weidner—to depart from the lodestar calculation for fees.  Thus, this Court calculates the award of fees for Mr. Japha of $21,700 (43.4 X 500) and for Mr. House of $17,490 (58.3 x 300) for a total of $39,190.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)     Defendant Claire McHale's Motion for Fees and Costs [Doc. 81] is **GRANTED IN PART and DENIED IN PART**; and

(2)     Defendant Claire McHale is **AWARDED** $39,190 in attorneys' fees pursuant to Colo. Rev. Stat. § 13-17-201.

DATED: November 14, 2024                    BY THE COURT:

Nina Y. Wang
United States District Judge